PER CURIAM.
¶ 1 Rodi C. Adams appeals from a judgment of divorce from Julia I. Adams. He raises several issues relating to maintenance, property division, and the finalization of the divorce. For the reasons that follow, we affirm.
¶ 2 Rodi and Julia were married in 1993. It was the first marriage for Rodi, who brought no substantial assets to the relationship. It was the second marriage for Julia, who brought two pieces of Chicago real estate: a residence on Norwood Avenue and a condo in Hyde Park.
¶ 3 Rodi worked on both properties during the marriage, remodeling the residence on Norwood Avenue and performing various handyman jobs at the condo in Hyde Park. Julia also assisted in the remodeling work. The parties later sold the properties, netting roughly $300,000. That money was used, in part, to purchase other properties, including a rental property in Sturgeon Bay.
¶ 4 Rodi and Julia were both employed at various jobs for most of the marriage. At the time of the divorce, Rodi worked as a customs officer, making approximately $92,000 per year. Julia, meanwhile, worked in retail and had an earning capacity of approximately $30,000 per year.
¶ 5 Following a divorce trial that spanned several months, the circuit court awarded maintenance to Julia in the amount of $662 per month for a period of five years. The court also reached an unequal property division, favoring Julia by roughly $92,000. This appeal follows.
¶ 6 The determination of maintenance and the division of property rest within the sound discretion of the circuit court. LeMere v. LeMere , 2003 WI 67, ¶ 13, 262 Wis. 2d 426, 663 N.W.2d 789. We will sustain a discretionary decision if the court examined the relevant facts, applied a proper standard of law, and using a demonstrated rational process, reached a reasonable conclusion. Liddle v. Liddle , 140 Wis. 2d 132, 136, 410 N.W.2d 196 (Ct. App. 1987). We generally look for reasons to sustain the court's discretionary decision. See Steiner v. Steiner , 2004 WI App 169, ¶ 18, 276 Wis. 2d 290, 687 N.W.2d 740.
¶ 7 The first issue Rodi raises on appeal relates to the circuit court's maintenance award. Rodi does not challenge the amount or duration of the award in this case.[1] Rather, he suggests that it is inconsistent with the court's earlier observation that he, at sixty-four years old, was near retirement age. We are not persuaded by Rodi's argument.
¶ 8 Here, the circuit court was well aware of Rodi's age at the time that it issued its maintenance award. In its oral ruling, the court stated, "[Rodi] is 64 years old. I know he wants to retire.... [H]e can retire but he's paying that amount to Ms. Adams for, approximately, five years, and that's all." In making this remark, the court essentially acknowledged that, regardless of when he retired, Rodi would be required to pay the ordered maintenance to Julia. There is nothing inconsistent about this ruling, and we perceive no basis to reverse the court's maintenance award.
¶ 9 The next issue Rodi raises on appeal relates to the circuit court's property division. The court divided the bulk of the marital estate equally, except that it awarded Julia the Sturgeon Bay property without offset, resulting in her being awarded approximately $92,000 more than Rodi. Rodi asserts that there was no basis for such an unequal division. We disagree.
¶ 10 Under WIS. STAT. § 767.61 (2015-16),[2] a circuit court must equally divide marital property unless it determines than an unequal division is warranted after considering the relevant statutory factors. The court considered those factors in this case, paying particular attention to "[t]he property brought to the marriage by each party." Sec. 767.61(3)(b).
¶ 11 As noted, Julia brought two pieces of real estate to the marriage. The circuit court deemed those assets "substantial" and noted "a huge differential" when comparing them with what Rodi brought to the marriage. Although the court recognized Rodi's contributions to the properties, it was not persuaded that he had done "$300,000 worth of work." In any event, the court concluded that such work was "what spouses do." Accordingly, it believed that an unequal property division was warranted in the case. On this record, we are satisfied that the court properly exercised its discretion.
¶ 12 The final issue Rodi raises on appeal relates to the finalization of the divorce. Rodi complains that the circuit court did not finalize the divorce until its oral ruling. He contends that the court should have finalized the divorce months earlier, which may have affected the valuation of certain property like his retirement account. Again, we disagree.
¶ 13 Upon review of the record, we perceive no undue delay in the circuit court's finalization of the divorce. Although the parties may have completed their testimony months earlier, the court was not yet done hearing evidence. Indeed, on the same day as its oral ruling, the court asked for and received stipulations from the parties regarding the value of their personal property. Waiting for the evidence to close before finalizing the divorce was not an unreasonable action.
¶ 14 For these reasons, we affirm the judgment of the circuit court.[3]
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b).

Rodi concedes both points in his brief, writing, "The amount of maintenance is not at issue in this appeal. The court made appropriate findings concerning the parties['] respective incomes, and an appropriate division of that income. The duration is really not an issue in a general sense, given the length of this marriage."

All references to the Wisconsin Statutes are to the 2015-16 version.

To the extent we have not addressed an argument raised by Rodi on appeal, the argument is deemed rejected. See State v. Waste Mgmt. of Wis., Inc. , 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).